# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL ALLEN HOLLAND,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-67

(Case No. 2:06-cr-3)

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Michael Allen Holland ("Holland"), who is currently incarcerated at the Federal Prison Camp in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Court directed service of this Motion on the United States Attorney for the Southern District of Georgia and directed the United States Attorney to file a response within thirty days of the Court's Order. (Doc. 2.) For the reasons which follow, the Court **VACATES** its May 18, 2016, Order and relieves the United States Attorney of any obligation to respond to Holland's Motion. For these same reasons, I **RECOMMEND** this Court **DISMISS** Holland's Motion, **DENY** Holland *in forma pauperis* status on appeal, and **DENY** Holland a Certificate of Appealability.

## **BACKGROUND**

Holland was convicted in this Court, after a jury trial, of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Jury Verdict, United States v. Holland, 2:06-cr-3 (S.D. Ga. July 17, 2006), ECF No. 62. The Honorable Anthony A. Alaimo sentenced Holland to 180 months' imprisonment. J., United States v. Holland, 2:06-cr-3

(S.D. Ga. Sept. 25, 2006), ECF No. 75. Holland filed an appeal, and the Eleventh Circuit Court of Appeals affirmed this Court's judgment and sentence. Mandate, United States v. Holland, 2:06-cr-3 (S.D. Ga. Aug. 2, 2007), ECF No. 86.

In April 2008, Holland filed his first Section 2255 Motion, alleging ineffective assistance of counsel and that he was wrongly attributed six criminal history points for an "old offense." Mot., Holland v. United States, 2:08-cv-47 (S.D. Ga. Apr. 18, 2008), ECF No. 1. This Court denied Holland's Motion. R. & R. and Order, Holland v. United States, 2:08-cv-47 (S.D. Ga. Oct. 14, 2008 and Feb. 10, 2009), ECF Nos. 4, 8. Holland filed the instant Section 2255 Motion—his second—on May 10, 2016. (Doc. 1.)

## DISCUSSION

Holland asserts, in relevant part, that he is innocent of his enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as his previous convictions are no longer considered to be violent felonies under the ACCA.[1] (Doc. 1, p. 4.) Holland bases his assertion on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Id. at p. 16.)

## I. Whether Holland can Proceed in this Court Pursuant to Section 2255

To file a second or successive Section 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Holland would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

2

(11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Holland did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this Section 2255 Motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion).[2] As noted above, Holland previously filed a Section 2255 motion in this Court, which was denied.

---

[2] The Court recognizes that "[t]here is, however, a small subset of claims that are not categorized as 'second or successive'—i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). Holland's claims do not fall within this narrow exception. The movant in Stewart filed a Section 2255 motion after the Georgia Supreme Court vacated his state criminal convictions that had been used to enhance his federal sentence. Id. at 858. The court held that Stewart could not have possibly raised the claims in his first habeas corpus motion, because the factual basis of his claim did not exist at the time that he filed the motion. Id. at 865. Thus, the Eleventh Circuit held that Stewart's motion fell within a "small subset" of numerically successive Section 2255 motions that are not successive and thus are not barred. Id. In contrast, in this case, Holland bases his claim on a "new constitutional rule of law." 28 U.S.C. § 2244 specifically provides that absent pre-filing authorization from the appropriate court of appeals, the district court does not have jurisdiction over such claims. Indeed, the Fifth Circuit opinion which the Eleventh Circuit adopted in Stewart directly rejected the contention that a petition such as Holland's could fall within the "small subset." Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive under § 2244(b)(2)(A): Indeed this is the reason why authorization is needed to obtain review of a successive

3

The crux of Holland's assertion here is that he no longer qualifies for an enhanced sentence under the ACCA in light of the Johnson decision. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause[3] of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. However, Holland could have raised any argument that he is not an armed career criminal based on his previous state drug convictions in his first Section 2255 motion.[4] (Doc. 1, pp. 18–19.) Thus, Holland must seek permission, pursuant to Section 2255(h), from the Eleventh Circuit before he files a second or successive Section 2255 motion in this Court.

In this regard, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. The Supreme Court's decision in Welch fortifies the remedy available under Section 2255(h). Welch changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Jackson. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the

---

petition. [To hold otherwise] would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were [petitioner] correct, § 2244(b)(2) would be rendered surplusage."); see also Stewart, 646 F.3d at 859 (adopting too broad an approach to when a Section 2255 motion is not successive "would threaten Congress's clear intention to limit 'second or successive' attempts at post-conviction relief").

[3] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'* § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

[4] The Court questions the applicability of the Johnson decision to Holland's claims. He claims his previous drug convictions—not any convictions characterized as "violent felonies" under Section 924(e)'s residual clause—are no longer qualifying predicate offenses.

Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). In addition, the Eleventh Circuit has already recognized Welch's holding and Johnson's application to cases on collateral review. In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Holland is reminded that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note that 28 U.S.C. [§] 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). "Further, the one-year period prescribed by [Section] 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive. Id. (emphasis in original) (citing Dodd v. United States, 545 U.S. 353, 358 (2005)). The Supreme Court decided Johnson on June 26, 2015.

For these reasons, I **RECOMMEND** the Court **DISMISS** Holland's Section 2255 Motion as being an unauthorized second or successive motion.

**II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Holland leave to appeal *in forma pauperis*. Though Holland has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal

5

is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Holland's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Holland a Certificate of Appealability, Holland is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Holland's Motion, **DENY** Holland *in forma pauperis* status of appeal, and **DENY** Holland a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Holland and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA